UNITED STATES of America, Plaintiff-Appellee,

v.

James Burnell CHIPMAN, Defendant-Appellant.

No. 74–2086.

United States Court of Appeals, Sixth Circuit.

April 17, 1975.

---

J. Kimbrough Johnson, Jr., Memphis, Tenn. (Court-appointed-CJA), for defendant-appellant.

Thomas F. Turley, U. S. Atty., Glen G. Reid, Jr., Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and HERMANSDORFER, District Judge.*

PER CURIAM.

This is an appeal from a jury verdict of guilty for knowingly transporting in interstate commerce goods having a value of at least $5,000, while knowing the goods to be stolen. 18 U.S.C. §§ 2314 and 2.

On appeal Chipman contends that his timely motion for a mistrial should have been granted when at the close of one of the trial days two jurors observed him in handcuffs as he was leaving the courthouse in an elevator. He further contends that the court committed prejudicial error by allowing the admission of evidence of similar occurrences, which are unrelated to the present case.

■ Dealing first with the issue of the handcuffs, the record shows that at the end of a trial day the defendant was placed in handcuffs and entered an elevator in the custody of a Marshal. The District Judge and two members of the jury were on the same elevator. The following morning the District Judge interviewed the two jurors and ascertained that both of them had seen the handcuffs. One juror stated that she had mentioned the incident to other members of the jury panel. This juror thereupon was excused and replaced by an alternate. The District Judge then polled the other jurors. Some stated that they had not heard the remark about the handcuffs but said that they would not have been prejudiced against the defendant even if they had heard it. Some of the other jurors said that they had heard the remark but that it would not influence them in rendering an impartial verdict.

In view of the remedial actions taken by the District Judge and the nature of the brief encounter with the jurors, we conclude that in this case, as in United States v. Crane, 499 F.2d 1385 (6th Cir. 1974), the record shows no prejudice depriving defendant of a fair trial.

■ We further conclude that no reversible error occurred in the admission of evidence of similar occurrences under the facts and circumstances of this case.

This appeal was scheduled for oral argument on February 17, 1975. This court appointed the same attorney who had represented the defendant in the District Court to represent him on appeal. On November 25, 1974, this attorney filed in this court an appendix and brief in support of the two contentions hereinabove discussed. On February 12, 1975, the defendant filed a pro se brief.

After the docket for the February 1975 session of the court had been announced, the court-appointed attorney moved for leave to withdraw as counsel because of the defendant's dissatisfaction with the attorney's services. This motion was supported by a letter from the defendant to his attorney, dated January 26, 1975, stating that "nothing would please me more" than for counsel "to be released from my case." He accused his counsel of poor representation and concluded with this paragraph:

> I have already talked to over ten lawyers not including American Civil Liberty [sic] Union, and they all seem to say the same thing. I have a suit against you and the courts, so I am having two lawyers in Chicago, look into the matter.

This court granted the motion of counsel to be relieved on this appeal and directed that the case be heard on briefs without oral argument. All the contentions, both in the brief filed by his attor-

---

* Honorable H. David Hermansdorfer, Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

ney and the pro se brief filed by the defendant, have been considered and are found to be without merit.

Affirmed.